On the Merits.
Fenner, J.
Christina and Mary Berfuse, alleging themselves to be illegitimate children of deceased, and alleging that she died intestate leaving no legitimate heirs, filed a petition praying to be recognized as-her sole heirs, accepting her succession purely and simply, and to be put in possession thereof. This petition was accompanied by certain-affidavits tending to establish the facts alleged.
*601 No action appears ever to have been taken on this petition. Subsequently, P. S. Wiltz, Public Administrator, filed liis petition representing that deceased left no surviving husband or heir, present or represented in the State, and died intestate, and praying to be appointed administrator of her estate. Under proper order of court, the application was published according to law. Pending the legal delay, Mary and Christina Berfuse, claiming to be natural children duly acknowledged, and, as such, heirs of the deceased, filed an opposition to the application of the Public Administrator, and prayed that it be rejected, and that Mary should be appointed administratrix of the succession.
This opposition, and the prayer thereof, was inconsistent with their prior petition to-be put into possession as heirs, and operated a waiver of that demand. It left before the Court a simple contest for administration between the Public Administrator, on the one hand, and Mary Berfuse on the other.
After trial, judgment was rendered dimissing the opposition, and appointing the Public Administrator,- from which judgment, opponents have appealed.
The record contains no note of evidence and no copy of the testimony, and we have nothing before us except an agreed statement of facts, which is as follows :
“ Opponents’ witnesses proved, that they had known Mary Ann - Berfuse, one of the opponents, for many years; that they always considered her as the daughter of deceased, having known her as a member of her household, since early childhood. ”
One witness testified “ that he was present at thefétede baptéme, held in honor of opponent, Mary Ann Berfuse; that he passed the day at the house and partook of the good cheer provided for the occasion.
“ That during the day, a party of persons left the house, bearing the infant, and avowedly for the purpose of having it baptised. That said party returned with the infant.”
“ That neither the witness nor the mother, the deceased, accompanied said party.
“ That the deceased was employed during the day in preparing the festival.”
We can consider nothing but the above statement. We are asked to consider the affidavits attached to the petition for putting in possession.
They would clearly have been inadmissible, as evidence, except by consent. There is no proof of such consent, and none that they were ever even offered in evidence.
We find attached to the record, at the end, a certificate of baptism, in the original, which, by the endorsement on it, appears only to have been filed in the lower court on the day the appeal was taken. By *602 whose authority it was filed, and how it comes to be thus pasted on the record, is not explained, and we can discover no possible authority for taking cognizance of it, especially as the counsel for the administrator objects thereto.
Unless the opponents proved their heirship, the judgment of the lower court was cleanly correct.
Clearly the statement of facts does not prove the heirship. It does not prove acknowledgment by the alleged mother, in any manner authorized by law; nor does it prove the maternal descent, to do which, ojiponeut was bound to show that she was “identically the same person as the child whom the mother brought forth.” C. C. 212, (230).
This involves, first, proof of the accouchement and the bringing forth of the child; and, second, proof of the identity of the claimant with the child so brought forth. 5 Demolombe, Nos. 500 and 501; 1 Mourlon, p. 493.
There is a complete lack of such proof.
Opponents may have rights which they may vindicate in other proceedings and on proper evidence. But, upon the issue and evidence presented by this appeal, it is clear we cannot say the judgment pronounced is erroneous.
Judgment affirmed at appellants’ costs.